**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **STEPHEN STEM,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **No. 1:25-CV-1178-RP-DH** |
| | § | |
| **SECRETARY OF HEALTH AND** | § | |
| **HUMAN SERVICES,** | § | |
| *Defendant* | § | |

## ORDER

Before the Court is Defendant Secretary of Health and Human Services' ("HHS") unopposed motion for leave to file under seal, Dkt. 15. HHS seeks to file the certified administrative record under seal, since it contains potentially sensitive health information about Plaintiff Stephen Stem as well as personal identifying information such as Stem's social security number and date of birth. *Id.*

Generally, the public has a right to inspect judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right is not absolute. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon*, 435 U.S. at 597). In some cases, such as those involving "trade secrets, the identity of informants, and the privacy of children," *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002), or those in which information could be used for "scandalous or libelous purposes," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), the interest in secrecy is compelling. However, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399

1

(5th Cir. 1987). In light of the public's right to access judicial records, courts are required to "use caution in exercising [their] discretion to place records under seal." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689-90 (5th Cir. 2010) (citing *Blain*, 808 F.2d at 399). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848.

Here, the Court finds HHS has asserted sufficient grounds for sealing the administrative record. As HHS points out, the administrative record contains sensitive medical information that courts have found worthy of protection from public view. Dkt. 15, at 1; *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("HIPAA generally provides for confidentiality of medical records."); *see also Lima v. Wagner*, No. 3:16-cv-00074, 2018 WL 11198080, at *2 (S.D. Tex. Oct. 24, 2018) (sealing documents relating to plaintiff's medical records and mental-health treatment on the basis that plaintiff "possesses a strong privacy interest in keeping the details of his mental health condition confidential and the public has no need for access to these documents"). Because "[t]he need to protect sensitive personal and medical information is among those [interests] that courts have found to justify nondisclosure," the Court finds that the administrative record should be sealed. *Williams v. Luminator Holdings, LP*, No. 3:12-CV-2975-M, 2012 WL 5878370, at *2 (N.D. Tex. Nov. 21, 2012).

Accordingly, **IT IS ORDERED** that HHS's motion for leave to file under seal, Dkt. 15, is **GRANTED**. The Clerk of Court shall file the certified administrative record under seal.

**SIGNED** January 21, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE