# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **STEPHEN CHARLES STEM, SR.,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  1:25-CV-01178-RP-DH** |
| | § | |
| | § | |
| **SECRETARY OF HEALTH AND** | § | |
| **HUMAN SERVICES,** | § | |
| *Defendant* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Secretary of Health and Human Services's ("HHS" or the "Secretary") motion to dismiss, Dkt. 14, Plaintiff Stephen Stem's motions to amend, Dkts. 17; 21; 31, Stem's motion for limited jurisdictional discovery, Dkt. 28, and all related briefing. Also before the Court is HHS's opposed motion to stay this case pending resolution of the motion to dismiss, Dkt. 35. After reviewing these filings and the relevant law, the undersigned will recommend that the District Judge grant HHS's motion to dismiss. The undersigned will deny Stem's motions to amend, deny Stem's motion for jurisdictional discovery, and deny as moot HHS's motion to stay.

## I.    BACKGROUND

In 2024, Stem was enrolled in a Medicare Part D Prescription Drug Plan sponsored by Humana (the "Plan"). *See* Dkts. 1, at 1; 15-2, at 115. Stem requested

1

that the Plan authorize coverage of Fluvastatin, a prescription drug. Dkts. 1, at 1; 15-2, at 146-47. The Plan denied Stem's request. Dkt. 15-2, at 146-47. Stem appealed, and the Plan again denied coverage. *Id.* at 162, 168. Stem then requested review by the Medicare Part D Independent Review Entity, which also issued a decision unfavorable to Stem. *Id.* at 80. Stem again appealed to the Office of Medicare Hearings and Appeals, and after a hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision. *Id.* at 59. Finally, Stem appealed to the Medicare Appeals Council, where the Administrative Appeals Judge adopted the ALJ's decision. *Id.* at 5-13. The Administrative Appeals Judge informed Stem that if he "desire[d] court review of the Council's decision and the amount in controversy [was] $1,900 or more" that he may commence a civil action in district court. *Id.* at 5.

Stem sued. HHS moved to dismiss on the grounds that Stem's suit fails to satisfy the $1,900 amount-in-controversy threshold to seek judicial review. Dkt. 14, at 4 (citing 42 U.S.C. §§ 1395w-104(h); 1395ff(b)(1)(E)(i), (iii); 1395w-22(g)(5)). Stem moved to amend his complaint to add Humana as a defendant, Dkts. 17; 21, and to seek class-wide relief, Dkt. 31. Stem also moved for limited jurisdictional discovery. Dkt. 28. HHS opposes each of Stem's motions, arguing generally that the Secretary of HHS is the only proper defendant here, Stem has not met his burden to show jurisdictional discovery is warranted, and the Court lacks jurisdiction over any class-action claim. *See* Dkts. 23; 24; 30; 33.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## III.    DISCUSSION

### A.    Because the Court lacks subject-matter jurisdiction over Stem's case, the District Judge should grant HHS's motion to dismiss.

Relevant Medicare statutes entitle Stem, as a Medicare Part D enrollee, to judicial review of the Secretary's final decision only if the amount in controversy exceeds $1,900. 42 U.S.C. §§ 1395w-22(g)(5) (permitting judicial review if the amount in controversy is $1,000 or more and incorporating the provisions of section

1395ff(b)(1)(E)(iii)); 1395ff(b)(1)(E)(iii) (providing that after 2004, dollar amounts "shall be equal to such dollar amounts increased by the percentage increase in the medical care component of the consumer price index for all urban consumers … for July 2023 to the July preceding the year involved"); Adjustment to the Amount in Controversy Threshold Amounts for Calendar Year 2025, 89 Fed. Reg. 79294, 79295 (Sep. 27, 2024) (calculating the threshold amount for claims filed in 2025 at $1,900).

The undersigned agrees with HHS that Stem fails to satisfy the amount-in-controversy requirement. The amount in controversy here is calculated as the "projected value" "reduced by any cost sharing amounts, including deductible, coinsurance, or copayment amounts that may be collected from the enrollee for the Part D drug(s)." 42 C.F.R. § 423.2006(c)(1), (2). The "projected value" of a Part D drug "includes any costs the enrollee could incur based on the number of refills prescribed for the drug(s) in dispute during the plan year," including co-payments, expenditures incurred after exceeding the initial coverage limit, and expenditures paid by other entities. *Id.* §§ 423.560, 423.2006(c)(2).

Stem states Fluvastatin costs $106 per month. Dkt. 15-2, at 74. Fluvastatin's projected value is therefore $106. *See* 42 C.F.R. §§ 423.560, 423.2006(c)(2). Because the Plan classifies Fluvastatin as a Tier-4 drug, Stem's share of the cost for a one-month supply of Fluvastatin would be $99 or $100, depending on the supplier. Dkt. 15-2, at 292, 442. Therefore, the projected value of Fluvastatin per month reduced by cost sharing amounts would be, at most, $7. 42 C.F.R. §§ 423.2006(c)(1), (2). Multiplied over the course of 12 months, *see* Dkt. 15-2, at 184, Stem's maximum

amount in controversy is $84. As that amount is below the $1,900 threshold, the Court may not exercise jurisdiction over this case. *See* 42 U.S.C. § 1395w-22(g)(5).

The Court may not exercise subject-matter jurisdiction under 28 U.S.C. § 1331 in the alternative. Under section 1395w-22(g)(5), Stem is entitled to judicial review of the Secretary's final decision as provided in 42 U.S.C. § 405(g).[1] The Supreme Court has concluded that under 42 U.S.C. § 405(h), and as incorporated in the Medicare Act via 42 U.S.C. § 1395ii, section 405(g) is the *exclusive* judicial-review method for claims arising under the Medicare Act. *Shalala v. Ill. Council on Long Term Care*, 529 U.S. 1, 10 (2000) (stating that section 405(h) "plainly bars § 1331 review in such a case, irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds"); *see also Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984) (stating section 405(h), made applicable to the Medicare Act by section 1395ii, provides that section 405(g), "to the exclusion of" section 1331, is the "sole avenue for judicial review" for claims arising under the Medicare Act); *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649 (5th Cir. 2012) ("Section 405(h) makes clear that 'No action … shall be brought under section 1331.'"); *Tex. Med. Enterps., Inc. v. Sibelius*, No. 9:13CV27, 2013 WL 3215760, at *3-4 (E.D. Tex. June 24, 2013) (concluding that because plaintiff's claims arose under the Medicare Act, 42 U.S.C. § 405(g) was the sole avenue for judicial review, "to the exclusion of 28 U.S.C. § 1331").

---

[1] The Medicare Act incorporates provisions of the Social Security Act and supplies that any references therein to the Commissioner of Social Security or the Social Security Administration shall be considered a reference to the HHS Secretary or HHS. *See, e.g.*, 42 U.S.C. § 1395ii.

Stem's case arises under the Medicare Act. "[A]ny claims in which 'both the standing and the substantive basis for the presentation' of the claims is the [Medicare] Act" are claims "arising under" that Act. *Heckler*, 466 U.S. at 615 (applying the Social Security Act test to the Medicare Act); *see also Nat'l Infusion Ctr. Ass'n v. Becerra*, 116 F.4th 488, 508 (5th Cir. 2024). A case may arise under the Medicare Act even if it does not seek "an actual award of benefits," or raises statutory or constitutional claims, including under the Administrative Procedure Act ("APA"). *Heckler*, 466 U.S. at 615, 622; *see also Shalala*, 529 U.S. at 10. Because Stem's claims—even if he were permitted to amend his complaint[2]—"essentially [] request[] the payment of benefits," they are cognizable only under section 405(g). *See* Dkts. 1, at 1 (stating Humana refused to refill Stem's generic statin prescription under step-therapy protocols), 19-20 (asking the Court to order Humana to "reconsider coverage" and otherwise change claim evaluation procedures); 17, at 1 (stating Stem's case "challenges the design, implementation, and enforcement of a Medicare Advantage prescription drug step therapy protocol that denied Plaintiff coverage for Fluvastatin"); 21-1, at 1 (stating Stem's case "seeks judicial review of the denial of Medicare Advantage prescription drug coverage through the application of a step therapy protocol"), 4 (requesting that the Court order reconsideration of his prescription request and enjoin step-therapy protocols); 31, at 1 (challenging step-therapy protocols that resulted in denial of Stem's prescription); *Heckler*, 466 U.S. at 620.

---

[2] *See infra* Part III.B.

It is not enough that Stem packages some of his claims as constitutional. *See* Dkt. 21-1, at 4. "The Supreme Court has [] explicitly rejected the argument that constitutional challenges are free from Section 405(h)'s requirements." *Physician Hosps.*, 691 F.3d at 656 (citing *Salfi*, 422 U.S. at 760-61). Accordingly, the exclusive method for review of Stem's case is section 405(g).

Because Stem's case arises under the Medicare Act, section 405(g) is the exclusive method for reviewing his claims, and Stem fails to satisfy the Medicare Act's amount-in-controversy requirement, *see* 42 U.S.C. §§ 1395w-22(g)(5), the Court lacks subject-matter jurisdiction over Stem's case and HHS's motion to dismiss should be granted.

**B.    The undersigned will deny Stem's motions to amend because the proposed amendments would be futile.**

A party may amend its pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). After this time has passed, a party may amend its pleading with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427

7

F.3d 987, 994 (5th Cir. 2005); *see McClure v. Turner*, 481 F. App'x 167, 171 (5th Cir. 2012). Even if the other four factors favor leave to amend, a court may still deny leave to amend if the amendment would be futile. *Sullivan v. Off. of the Tex. Att'y Gen.*, No. EP-18-CV-303-PRM, 2019 WL 1598222, at *5-6 (W.D. Tex. Apr. 15, 2019) (denying leave based on futility where complaint would be dismissed for lack of jurisdiction even after amendment); *see also SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944-945 (5th Cir. 2018) ("An amendment is considered futile if the amended complaint would fail to state a claim upon which relief could be granted.") (internal citation omitted).

Stem filed three motions to amend his complaint. In his first motion to amend, filed 13 days after HHS's responsive pleading, Stem requests leave to add Humana as a defendant, contending that the Court cannot grant complete relief without Humana. Dkt. 17, at 1-2; *see* Dkt. 14. Stem adds that "at a minimum," joinder is appropriate. *Id.* at 2. To his second motion to amend, Stem attaches a proposed first amended complaint naming Humana as a defendant and adding claims based on the Administrative Procedure Act, the Due Process Clause of the Fifth Amendment, and "[f]ederal law and Medicare guidance" requiring continuity of care. Dkt. 21-1, at 2-4. Finally, in his third motion, Stem moves to assert class-wide relief for "all similarly situated Medicare Advantage enrollees" subject to step-therapy protocol. Dkt. 31, at 2. Each of the proposed amendments will be denied.

1.    Stem's first motion to amend is denied.

Stem filed his first motion to amend 13 days after HHS moved to dismiss. Dkts. 14; 17. So while Stem's first motion to amend, Dkt. 17, would otherwise be timely under Federal Rule of Civil Procedure 15(a)(1), it fails for three reasons. First, Stem failed to attach a proposed amended complaint. W.D. Tex. Local Rule CV-7(b) ("When a motion for leave to file a pleading, motion, or other submission is required, an executed copy of the proposed pleading, motion, or other submission shall be filed as an exhibit to the motion for leave."). His motion may be denied on this basis alone. *Lyons v. Baylor Univ.*, No. 6:17-cv-232-RP, 2019 WL 13253803, at *8 (W.D. Tex. Jan. 16, 2019) (denying leave to amend where plaintiff failed to attach a proposed amended complaint pursuant to Local Rule CV-7(b) and "any analysis of futility [was] currently hypothetical"); *Brauckmiller v. Univ. of Tex. San Antonio*, No. SA-23-cv-01182-XR, 2024 WL 973127, at *1 (W.D. Tex. Feb. 14, 2024) ("It is the Court's practice to deny a motion for leave to amend where the moving party fails to submit a copy of the proposed amended pleading as an attachment to the motion."); *Lynch v. Valdez*, 705 F. App'x 295, 296 (5th Cir. 2017) (concluding that the district court did not abuse its discretion in denying motion for leave because plaintiff had not attached a proposed amended complaint).

Second, if the Court granted Stem's first motion to amend, the Court would still lack subject-matter jurisdiction over Stem's proposed amended complaint as described in his motion. Nothing in Stem's motion suggests the amount in controversy

is any greater than $84, as calculated above.[3] Nor does section 1331 give the Court subject-matter jurisdiction. *Ill. Council*, 529 U.S. at 10. Accordingly, Stem's proposed amendment would be futile. *See Sullivan*, 2019 WL 1598222, at *5-6; *see also Rahman v. Price*, No. EP-16-CV-00167-FM, 2017 WL 11699663, at *5 (W.D. Tex. Jan. 10, 2017) (concluding amendment would be futile where the court lacked subject-matter jurisdiction over the proposed amended complaint).

Third, even if Stem's proposed amendment cured his subject-matter jurisdiction problem, the amendment would be futile because Humana is not a proper defendant. In any case asking for judicial review of a decision by the Medicare Appeals Council, the Secretary of HHS is the proper defendant, to the exclusion of any others. 42 C.F.R. § 423.2136(d)(1); *see Bruce v. Azar*, 389 F. Supp. 3d 716, 721 (N.D. Cal. 2019) (concluding plan sponsors were improper defendants in a case seeking review of a Medicare Appeals Council decision).

2. Stem's second motion to amend is denied.

Stem's second proposed amended complaint seeks review of the Medicare Appeals Council's decision, adds Humana as a defendant, and raises additional claims for relief under the APA and the Due Process Clause of the Fifth Amendment. Dkt. 21-1.

Like his first proposed amended complaint, Stem's second fails to allege the amount in controversy exceeds $1,900 as required for the Court to exercise subject-matter jurisdiction. *See* 42 U.S.C. §§ 1395w-22(g)(5). Nor do the APA or the Due

---

[3] *See supra* Part III.A.

Process Clause allow the Court to exercise jurisdiction over Stem's case, since Stem's claims arise under the Medicare Act and § 405(g) is the sole basis for judicial review. *Shalala*, 529 U.S. at 10; *Heckler*, 466 U.S. at 623; *Tex. Med. Enterps.*, 2013 WL 3215760, at *4 (concluding the APA did not give the court jurisdiction over plaintiff's case, which arose under the Medicare Act). Finally, as discussed above, Humana is not a proper defendant. 42 C.F.R. § 423.2136(d)(1); *see Bruce*, 389 F. Supp. 3d at 721. Again, Stem's proposed amendment would be futile. *See Sullivan*, 2019 WL 1598222, at *5-6; *see also Rahman*, 2017 WL 11699663, at *5.

   3.  Stem's third motion to amend is denied.

Stem next moves for leave to amend his complaint to seek class-wide declaratory and injunctive relief. Dkt. 31, at 1. Stem asserts that "[a]ggregated prospective relief bears directly on the jurisdictional amount-in-controversy analysis." *Id.* at 2. The undersigned reads Stem's argument to mean that when "all similarly situated Medicare Advantage enrollees" are added to Stem's suit, the amount-in-controversy requirement—which, as explained above, prevents the Court from exercising jurisdiction over Stem's complaint—will be met. *See id.* The undersigned will deny Stem's motion.

First, as before, Stem's third motion to amend is denied because he failed to file a proposed amended complaint. *See* W.D. Tex. Local Rule CV-7(b); *Lyons*, 2019 WL 13253803, at *8; *Brauckmiller*, 2024 WL 973127, at *1; *Lynch*, 705 F. App'x at 296.

Stem's motion to amend is also denied as futile because the complaint contains no allegations that any class member has exhausted administrative remedies. Specifically, Stem does not allege that any proposed class member appealed any final decision by the Secretary in those members' cases. *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975). In *Salfi*, the Supreme Court concluded the district court lacked subject-matter jurisdiction over unnamed class members challenging decisions by the Secretary to deny Social Security Act benefits under section 405(g) because the complaint contained no allegations that those class members had "even filed an application with the Secretary, much less that [the Secretary] ha[d] rendered any decision, final or otherwise, review of which [was] sought." *Id.* So too here. *See* Dkt. 31, at 2 (stating only that Stem seeks relief on behalf of similarly situated Medicare Advantage enrollees subject to step-therapy protocols). As explained above, section 405(g) is the exclusive avenue for review under the Medicare Act. *Ill. Council*, 529 U.S. at 10. And because that provision requires applicants to obtain a final decision from the Secretary before seeking judicial review, it bars the Court from exercising subject-matter jurisdiction over the unnamed class members. *See Salfi*, 422 U.S. at 764.[4]

---

[4] In his motion to amend, Dkt. 31, Stem again requested jurisdictional discovery. The undersigned addresses that motion in the next section, *infra* Part III.C. The undersigned also notes that under Section 3(g) of the Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases in the Western District of Texas, Stem was required to make this request by separate motion.

### C.    Stem's motion for jurisdictional discovery is denied.

Stem bears the burden of demonstrating the necessity of jurisdictional discovery. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). A plaintiff is not entitled to jurisdictional discovery when "the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Monkton*, 768 F.3d at 434.

In his motion for jurisdictional discovery, Stem seeks discovery into (1) the projected annual retail cost of Fluvastatin during CY 2024; (2) the methodology used to compute "projected value" under 42 C.F.R. § 423.2006; (3) documentation reflecting approval of step therapy; (4) documentation showing compliance with the "Medicare Modernization Act formulary review requirements"; and (5) confirmation that the administrative record is complete. Dkt. 28, at 2. In his third motion to amend, Stem seeks jurisdictional discovery into (1) approval of step therapy; (2) "actuarial or policy materials reflecting projected multi-year cost exposure for beneficiaries denied formulary access"; (3) "formulary committee analyses regarding safety and therapeutic efficacy considerations required by statute"; and, again, (4) confirmation that the administrative record is complete. Dkt. 31, at 3.

Because Stem's requested discovery is not likely to produce the facts needed to withstand HHS's 12(b)(1) motion to dismiss, Stem has not met his burden. It is undisputed that this case will proceed on the administrative record. *See* Dkts. 28, at 2; 30, at 2-3; 42 U.S.C. § 405(g) (providing for review based on "the pleadings and transcript of the record"); *cf. Mathews v. Weber*, 423 U.S. 261, 270 (1976). Stem argues

13

jurisdictional discovery is warranted because he "disputes [HHS's] [amount-in-controversy] calculation and further contends that the administrative record is incomplete." Dkt. 28, at 1. Yet Stem does not identify any missing fact or record that would clarify or change the Court's amount-in-controversy calculation. *See id.* Neither can the undersigned. The Court has all the information it needs to determine the amount in controversy. Stem's vague assertion that he disputes the calculation is therefore insufficient to permit jurisdictional discovery. *See Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (denying jurisdictional discovery where the plaintiff failed to allege "specific facts that discovery will prove"). Stem's motion for jurisdictional discovery is denied.

## IV.    ORDER AND RECOMMENDATION

In accordance with the discussion above, the undersigned **RECOMMENDS** that the District Judge **GRANT** HHS's motion to dismiss, Dkt. 14.

Stem's motions to amend, Dkts. 17; 21; 31, are **DENIED**. Stem's motion for jurisdictional discovery, Dkt. 28, is **DENIED**. Finally, HHS's motion to stay, Dkt. 35, is **DENIED** as **MOOT**.

The referral of this case to the Magistrate Judge should now be canceled.

## V.    WARNINGS

The parties may file objections to the report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d

419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 27, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

15